**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**EITAN MOR,**

    **Plaintiff,**

    v.                                                                                          **CIVIL ACTION NO. 2:07cv192**

**UNITED STATES OF AMERICA,**

    **Defendant.**

*MEMORANDUM OPINION & ORDER*

This matter is before the Court on the United States of America's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, the United States' motion to dismiss is **GRANTED**.

**I.  FACTUAL AND PROCEDURAL HISTORY**

On March 26, 2007, Eitan Mor ("Plaintiff") signed a complaint in the form of a Warrant in Debt that seeks $2,506.13 with interest and costs from "USPS-Superviser [sic] / Lisha Mrs. (U.S. Post Services) Acredale Branch." (Warrant in Debt attached to Notice of Removal.) Plaintiff's complaint states that, "The office did not send my shippment [sic] and lost it without

knowing were [sic] it is now!" (*Id.*) The Deputy Clerk for the General District Court for the City of Virginia Beach issued the complaint on March 27, 2007.

On April 26, 2007, the United States removed the case to this Court. The Notice of Removal states that while there is no "Mrs. Lisha" at the United States Postal Service's ("USPS") Acredale Branch in Virginia Beach, there is a Leshia Nelson, a Supervisor in Customer Services. (Notice of Removal at 1.) The United States Attorney has certified that in accordance with 28 U.S.C. § 2679, the individual defendant "Mrs. Lisha" named in the complaint was acting within the scope of her employment as an employee of the United States at the time of the incident in question. (Notice of Removal, Ex. A.) Therefore, pursuant to 28 U.S.C. § 2679(d)(2), the United States is hereby substituted as the party defendant in the instant case.

The United States filed the instant motion to dismiss on May 3, 2007. Plaintiff has failed to respond.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). The Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co.*

*v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). The court must weigh the evidence before it to establish its jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) ("[A] court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion.").

## III. DISCUSSION

Absent a waiver, the USPS enjoys sovereign immunity from suit. *Dolan v. U.S. Postal Service*, 126 S. Ct. 1252, 1256 (2006). The Federal Tort Claims Act ("FTCA") "shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). The FTCA grants federal jurisdiction for certain claims against the United States:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Another section of the FTCA states that, "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. However, the FTCA includes certain exceptions from its waiver of immunity. "If one of the exceptions applies, the bar of sovereign immunity remains." *Dolan*, 126 S. Ct. at 1256. The exception applicable to the instant case states that, "The provisions of this chapter and section 1346(b) of

this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). As noted above, Plaintiff's complaint states that, "The office did not send my shippment [sic] and lost it without knowing were [sic] it is now!" (Warrant in Debt attached to Notice of Removal.) Plaintiff's claim falls within the § 2680(b) exception to FTCA waiver of immunity, and consequently must be dismissed. *See Dolan*, 126 S. Ct. at 1256 ("[T]he United States may be liable if postal employees commit torts under local law, but not for claims defined by this [§ 2680(b)] exception.").

Even if Plaintiff's claim did not fall within the exception discussed above, it would still be dismissed because Plaintiff has failed to first file an administrative claim. The FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .

28 U.S.C. § 2675(a). The United States Court of Appeals for the Fourth Circuit has stated that this administrative claim requirement "is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *see also Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). A claim is presented:

> when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf

> of the claimant as agent, executor, administrator, parent, guardian, or
> other representative.

28 C.F.R. § 14.2(a); *see also Ahmed*, 30 F.3d at 516-17.  The United States has provided an affidavit from a USPS Tort Claims Coordinator that states that, "A search of my records and the records of the Postal Service failed to reveal that [Plaintiff] or a duly authorized agent or legal representative, has, prior to the filing of [the instant action], presented to the Postal Service an executed Standard Form 95 . . . ."  (Mem. in Supp. of Mot. for Dismissal, or, in the Alternative, for Summ. J., Ex. 1.)  Plaintiff has failed to file the required administrative claim prior to filing the instant action; therefore, Plaintiff's claim must be dismissed for lack of jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the United States' motion to dismiss is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED**.

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 6, 2007